RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/2/11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KEVIN HAYNES | DOCKET NO. 11-CV-497; SEC. P |
| VERSUS | JUDGE JAMES T. TRIMBLE |
| W.A. SHERROD, WARDEN | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Pro se petitioner Kevin Haynes, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Petitioner is an inmate in the custody of the Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana (USP-Pollock). He attacks the sentence imposed on him following a 1994 conviction in the United States District Court for the Eastern District of New York.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Background*

Following a jury trial, Petitioner was convicted of conspiracy to commit armed bank robbery, multiple counts of armed bank robbery, and related firearms offenses. He was sentenced to 558 months of imprisonment as follows:

Count 1- Conspiracy to Commit Bank Robbery - 18 mo.

Count 2- Armed Robbery Chase Manhattan Bank- 18 mo. concurrent

Count 3- Armed Robbery Bowery Savings Bank- 18 mo. concurrent

Count 4- Armed Robbery Chemical Bank- 18 mo. concurrent

Count 5-  Armed Robbery Chase Manhattan Bank- 18 mo. concurrent

Count 6-  Possession of Firearms during and in relation to a crime of violence (the armed robbery of Chase Manhattan Bank charged in Count 2) in violation of 18:924(c)(1) - 60 mo., consecutive

Count 7-  Possession of Firearms during and in relation to a crime of violence (the armed robbery of Bowery Savings Bank charged in Count 3) in violation of 18:924(c)(1) - 240 mo., consecutive

Count 8-  Possession of Firearms during and in relation to a crime of violence (the armed robbery of Chemical Bank charged in Count 4) in violation of 18:924(c)(1)- 240 mo., consecutive

On March 23, 2011, Petitioner filed the instant petition under 28 U.S.C. §2241, arguing that he is entitled to release based on the United States Supreme Court rulings in Abbot v. United States and Gould v. United States. He argues that his two additional and consecutive terms of 240 months on counts 7 and 8 are null and void per the "except clause" of 924(c). He claims that he should not have received the two additional 924(c) sentences in addition to the one imposed in count 6 for brandishing the same firearm.

### Law and Analysis

Habeas corpus petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000). On the other hand, a Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. See Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir.1990). Here, Petitioner

2

collaterally attacks the legality of his sentence.

Federal prisoners may use §2241 to challenge the legality of their convictions or sentences <u>only</u> if they satisfy the §2255 "savings clause." See <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the §2255 remedy is "inadequate or ineffective to test the legality of his detention." <u>See</u> 28 U.S.C. §2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first §2255 motion. See <u>Reyes-Requena</u>, 243 F.3d at 904. Such Petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. <u>See</u> <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir.2001); <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir. 2000). Petitioner argues that he meets the requirements of <u>Reyes-Requena</u> because the §2255 remedy is inadequate or ineffective in light of the Supreme Court's decision in <u>Abbott v. U.S.</u>, 131 S.Ct. 18 (2010).

First, it should be pointed out that the Supreme Court sided with the government in <u>Abbott</u>, not with the convict appellants. In <u>Abbott</u>, the appellants challenged their §924(c) sentences, resting

3

their objections on the "except" clause prefacing §924(c)(1)(A). That clause provides for imposition of a minimum five year term as a consecutive sentence "[e]xcept to the extent that a greater minimum sentence is otherwise provided by [§924(c) itself] or by any other provision of law." Appellant Abbott urged that the "except" clause was triggered by his 15-year felon-in-possession sentence; Appellant Gould said the same of the ten years commanded by his predicate trafficking crime.

The question before the Supreme Court was whether Congress' 1998 reformulation of §924(c) rendered Abbott's and Gould's sentences excessive. The Supreme Court decided "no." The Court gave an example of how Section 924(c)'s "except" clause operates: the mandatory minimum sentence for a §924(c) offense is five years, but if the firearm is brandished, the minimum rises to seven years, and if the firearm is discharged, to ten years. §924(c)(1)(A)(I), (ii), (iii). So, if a defendant possessed, brandished, and discharged a firearm in violation of §924(c), he would only face a mandatory minimum term of ten years, not 22 (5+7+10).

In this case, Petitioner is not receiving three section 924(c) enhancements for possessing, brandishing, and using a firearm during a single crime of violence or for brandishing the weapon three times during a single crime of violence. There are separate 924(c) charges and sentences for brandishing a firearm during three separate bank robberies at different banks. Petitioner's argument

4

that he should only get one 924(c) charge because he brandished the same firearm during three separate bank robberies is unsupported by Abbott, Gould, or any other case. The purpose of the 1998 amendment was to increase the severity of the Section 924(c). See Abbott v. U.S., 562 U.S. ___ (2010); 131 S.Ct. 18, 25 (2010). In fact, it elevated the sentences for brandishing and discharging a firearm *and* for repeat offenses. Id. As the Supreme Court stated, "We doubt that Congress meant a prefatory clause, added in a bill dubbed "An Act [t]o throttle criminal use of guns," to effect a departure so great from §924(c)'s longstanding thrust, i.e., its insistence that sentencing judges impose *additional* punishment for § 924(c) violations." Id. at 27.

Here, Petitioner's argument is not truly akin to that of Abbott and Gould. Abbott argued, unsuccessfully, that his fifteen year mandatory minimum for felon in possession meant that he could not also be sentenced to a consecutive five years for the 924(c) conviction because the fifteen year minimum was greater than the five year minimum. Here, Petitioner is arguing that he should not have been convicted and sentenced to consecutive 20 year sentences under 924(c) for brandishing a firearm at two of his subsequent bank robberies, not because the twenty year minimum was less than the minimum for the robbery, but because it was the same firearm he brandished at the first bank robbery. This "same evidence" or double jeopardy type argument is not supported by Abbott and is

5

clearly without merit.

The Court has given Haynes' petition preliminary consideration pursuant to 28 U.S.C. § 2243[1] and Rule 4 of the Rules Governing §2254 Cases in the United States District Courts,[2] which is applicable to §2241 petitions under Rule 1(b).[3] According to Rule 4, a district court may dismiss an application for habeas corpus relief "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."[4] Such is the case in the captioned matter.

Accordingly, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED AND DISMISSED**.

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual**

---

[1] 28 U.S.C. § 2243 (West 2010) ("A court ... entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

[2] 28 U.S.C. § 2254 PROC. R. 4 (West 2010).

[3] See id. at PROC. R. 1(b) ("The district court may apply any or all of these rules to a habeas petition not covered by Rule 1(a).").

[4] Id. at PROC. R. 4.

6

finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this 31st day of May, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE